# MEMO ENDORSED

Pre-motion Conference scheduled for Aug. 9, 2013 at 12:00 pm.
Dated: July 24, 2013

**FRANKFURT KURNIT KLEIN & SELZ** PC

RECEIVED
JUL 03 2013
EDGARDO RAMOS
U.S. DISTRICT JUDGE
S.D.N.Y.

**SO ORDERED**

488 Madison Avenue
New York, New York 10022
Telephone:  (212) 980-0120
Facsimile:   (212) 593-9175

Toby M.J. Butterfield
Direct dial: (212) 826-5567
e-mail: tbutterfield@fkks.com

<u>By Fascimile 212-805-7943</u>
Hon. Edgardo Ramos, U.S.D.J.
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

July 2, 2013

7/24/13

**U.S.D.J.**
Nelson S. Román

Re: <u>United States Tennis Association, Inc. v. VSW Productions LLC, et al.</u>, No.13-cv-4124 (NSR)

Dear Judge Ramos:

    We represent defendants VSW Productions LLC, Maiken Baird and Michelle Major (together "Defendants") in the above-captioned action. We write pursuant to Your Honor's Individual Rule of Practice 2(A)(ii) to request a pre-motion conference concerning Defendants' intended motion under F. R. Civ. P. 12(b)(6) to dismiss the claims in plaintiff's complaint ("Complaint" or "Compl.") which fail as a matter of law.

    Plaintiff the United States Tennis Association, Inc. (the "USTA") has sued Defendants for copyright infringement, unjust enrichment, and promissory estoppel in connection with a documentary film entitled *Venus and Serena* (the "Documentary Film") that Defendants produced and directed regarding the lives and careers of the prominent tennis sisters Venus and Serena Williams. The USTA alleges Defendants infringed USTA's copyright in archival footage of US Open broadcasts from 2001, 2009 and 2011, identified in the Complaint as the "Broadcast Footage," by including snippets from them in the Documentary Film (Count I); that Defendants were unjustly enriched by their "misappropriation" of US Open footage (Count II); and that Defendants violated a promise Defendants supposedly made to the USTA in refusing to comply with its licensing polices (Count III). The USTA seeks, *inter alia*, statutory damages under § 504 of the Copyright Act and attorneys' fees. Compl., Prayer for Relief.

    The Documentary Film is almost exclusively video footage shot by the Defendants, but does also include snippets of US Open matches broadcast in 2001, 2009, and 2011, the copyright of which is now registered to the USTA—the Broadcast Footage. However, the USTA did not register the Broadcast Footage with the U.S. Copyright Office until May 2013, shortly before this lawsuit was commenced (*see* Compl. Exhibit A). The Documentary Film also contains video footage shot by Defendants themselves at US Open matches in 2011 which USTA does not own.

    The USTA is trying to use copyright law and now this lawsuit to prevent anyone from viewing any portion, no matter how short, of the footage which USTA concludes is "not in the best interest of the sport." Compl., ¶ 32. Defendants will be interposing multiple defenses, including *inter alia* fair use, as they deliberately limited their use of unlicensed footage in their Documentary Film to the small amounts necessary to comment on the Documentary Film's subject matter. Those brief clips are easily justifiable as fair use under 17 U.S.C. § 107. As Defendants' pleadings will make clear, the First Amendment and the law of fair use prevent

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/2013

# FRANKFURT KURNIT KLEIN & SELZ PC

USTA from using the threat and cost of legal proceedings and supposed copyright liability to prevent filmmakers from commenting on the Williams sisters' highly public activities, including controversial ones. At the appropriate time, Defendants will seek redress including attorneys' fees for the USTA's attempt to use copyright law to prevent Defendants from telling their story. At this stage, however, we write to address other deficiencies with USTA's pleadings which require dismissal of the majority of USTA's claims, as explained below.

### *Count II: Unjust Enrichment*

The USTA's claim for unjust enrichment must be dismissed as preempted by the Copyright Act. Section 301 of the Copyright Act preempts a state law claim when "(i) the work at issue 'comes within the subject matter of copyright' and (ii) the right being asserted is 'equivalent to any of the exclusive rights within the general scope of copyright.'" *Faktor v. Yahoo! Inc.*, No. 12 Civ. 5220, 2013 WL 1641180, *4 (S.D.N.Y. Apr. 16, 2013) (quoting 17 U.S.C. § 301(b)). Here, the USTA claims unjust enrichment in connection with Defendants' "misappropriation" of US Open film footage—unquestionably a work of authorship that comes within the subject matter of the Copyright Act. *See* 17 U.S.C. § 102(a)(6).

The second prong of preemption is satisfied when the state-created right may be abridged by an act that would, "in and of itself," infringe an exclusive right provided by federal copyright law. *Faktor*, 2013 WL 1641180, at *4. Courts in this Circuit have repeatedly held that "an unjust enrichment claim based upon the copying of subject matter within the scope of the Copyright Act is preempted." *Stewart v. World Wrestling Fed'n Entm't, Inc.*, No. 03 Civ. 2468, 2005 WL 66890, *5 (S.D.N.Y. Jan. 11, 2005) (internal quotations omitted).

Here, the USTA alleges that the Defendants benefited from their "misconduct and misappropriation of the US Open footage," by "obtaining footage for use in their Documentary Film without paying a license fee." Compl. ¶ 51. The USTA's claims of misappropriation with respect to the Broadcast Footage clearly fall into the "exclusive rights" afforded to it as the copyright owner. *See, e.g., Atrium Group de Ediciones Y Publicaciones, S.L. v. Harry N. Abrams, Inc.*, 565 F. Supp. 2d 505, 509 (S.D.N.Y. 2008) (unjust enrichment claim preempted when plaintiff seeks to vindicate the exclusive rights afforded to it under §106 of the Copyright Act). Moreover, to the extent that the USTA purports to have any ownership over the US Open footage shot by the Defendants, such claims are equally preempted by the Copyright Act.

### *Count III: Promissory Estoppel*

The USTA's promissory estoppel claim must be dismissed for failure to allege a "clear and unambiguous promise" as is required to state such claim. *See DeSouza v. Andy Frain Servs., Inc.*, No. 12 Civ. 1308, 2012 WL 3245496, *3 (S.D.N.Y. Aug. 6, 2012). The USTA alleges that the Defendants "expressly promised to abide by the USTA's policies and procedures, including the need to pay a licensing fee for *any* US open footage included in the Film." Compl. ¶ 55 (emphasis added). However, this conclusory allegation is insufficient to demonstrate that Defendants made any such "express promise." The statements by the Defendants which USTA quotes in its Complaint merely reveal that Defendants were "willing to film only where and what your organization will allow" (Compl. ¶ 22) and that, at some point during their negotiations,

2

**FRANKFURT KURNIT KLEIN & SELZ** PC

Defendants thought they would need to seek a license for footage of "Venus and Serena playing their matches with on court sound." *Id.* at ¶ 24.

The USTA twists these out of context quotes to allege that, therefore, there was an "understanding" that Defendants would license "*all* US Open footage used in the Film" and "otherwise comply with the USTA's policies." Compl. ¶ 27 (emphasis added). Such policies purportedly include broadcast "blackout" limitations and "editorial guidelines concerning the nature and subject matter of the footage" "to ensure that the licensed footage is in the best interests of the sport." *Id.* at ¶¶ 31-32. However, nothing in the Complaint evidences or even alleges that Defendants knew of such policies, let alone specifically promised to abide by them. Rather, the USTA concedes that the parties' subsequent negotiations "were unsuccessful, and no such license was ever finalized." *Id.* at ¶ 34. Accordingly, the USTA's promissory estoppel claim fails as a matter of law. *See, e.g., Totalplan Corp. of Am. v. Colborne*, 14 F.3d 824, 833 (2d Cir. 1994) (no claim for promissory estoppel where "rights were proposed in draft agreements" but "no agreement was ever reached"); *DeSouza*, 2012 WL 3245496, at *3 (no clear and unambiguous promise where the defendant's offer was "tentative"); *Schutty v. Speiser Krause P.C.*, 86 A.D.3d 484, 485, 928 N.Y.S.2d 4, 6 (1st Dep't 2011) ("[T]he parties' lengthy and fruitless negotiations establishes as a matter of law that there was no clear and unambiguous promise on which plaintiff reasonably could have relied.").

*Statutory Damages and Attorneys' Fees*

The USTA is not entitled to statutory damages or attorneys' fees. Section 412 of the Copyright Act is explicit that statutory damages and attorneys' fees are not available if the alleged infringement "commenced after the first publication of the work and *before the effective date of its registration*, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2) (emphasis added). The USTA alleges that the Documentary Film premiered at the Toronto International Film Festival in September 2012, was distributed and shown at other film festivals, and "continues to be commercially exploited through movie theaters and cable distribution." Compl. ¶ 45. As indicated above, the USTA did not register the Broadcast Footage with the U.S. Copyright Office until well after the purported infringement commenced and years after the Broadcast Footage was first published. *See id.* at ¶ 45, Exhibit A. As a result, the USTA's claim for statutory damages and attorneys' fees under the Copyright Act must be dismissed. *See, e.g., Argentto Sys., Inc. v. Subin Associates, LLP*, No.10 Civ. 8174, 2011 WL 2534896, at *3 (S.D.N.Y. June 24, 2011) ("Because the alleged infringement began before the effective date of the copyright registration of the software at issue, the motion to dismiss Plaintiffs' claims for statutory damages and attorney fees is granted").

For the reasons set forth above, Defendants respectfully request that the Court grant Defendants' request for a pre-motion conference.

Respectfully submitted,

Toby M.J. Butterfield

3

**FRANKFURT KURNIT KLEIN & SELZ** PC

cc: Jeffrey I. Carton, Esq. (by email)
　　Joanna Sandolo, Esq. (by email)