**MEMORANDUM ENDORSEMENT**

<u>United States Tennis Association Incorporated v. VSW Productions LLC, et al.</u>, 13-cv-04124 (NSR)

The Court Grants both parties leave to each file simultaneously a motion for reconsideration with the following briefing schedule: moving papers shall be served by December 6, 2013; oppositions shall be served by December 20, 2013; & replies shall be served by January 6, 2014. The parties are directed to file all motion documents on the reply date, January 6, 2014, and to provide 2 copies of all documents to chambers as the documents are served.

The initial pre-trial conference scheduled for December 5, 2013 is adjourned sine die pending the Court's issuance of a decision on the motions for reconsideration.

                    Dated: November 21, 2013
                           White Plains, NY

SO ORDERED.

_____ 11/21/13
Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2013

# MEMO ENDORSED

**FRANKFURT KURNIT KLEIN & SELZ** PC

488 Madison Avenue
New York, New York 10022
Telephone:   (212) 980-0120
Facsimile:   (212) 593-9175

Toby M.J. Butterfield
Direct dial:   (212) 826-5567
e-mail:  tbutterfield@fkks.com

November 19, 2013

**VIA FAX**

Hon. Nelson S. Román
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

        Re:    <u>USTA v. VSW Productions et al.</u> (Index No. 13-cv-4124) (NSR)

Dear Judge Román:

      We represent VSW Productions LLC, Maiken Baird and Michelle Major ("Defendants") in this action.[1] We write pursuant to Local Civil Rule 6.3 to request that the Court reconsider the part of its November 7, 2013 Order (the "Order") that denied Defendants' motion to dismiss United States Tennis Association's ("USTA" or "Plaintiff") promissory estoppel claim.

      Reconsideration is warranted where a court overlooks or misapprehends "factual matters or controlling decisions that might reasonably be expected to alter the conclusions reached." *Hedgeco, LLC v. Schneider*, 08 CIV. 494(SHS), 2009 WL 1309782 (S.D.N.Y. May 7, 2009) (internal quotations omitted) (granting reconsideration where court "did not focus adequately on one element that is required for each of plaintiff's claims"). The Order misapprehends the allegations in USTA's Complaint, none of which can logically support USTA's promissory estoppel claim, for three reasons:

      First, the Order states that Defendants argued that "nothing in the Complaint evidences or even alleges that Defendants knew of such polices or promised to abide by them." Op. at 10. This misstates Defendants' argument, which was that nothing in the Complaint evidences or alleges that Defendants knew of or promised to abide by such policies *prior* to USTA allowing Defendants to film behind the scenes. Defs. Op. Br. at 1, 12-13. The timing is essential, because USTA claims it relied on Defendants' promises *before* allowing Defendants to film. *See* Compl. ¶¶ 55-56. Yet there is no allegation of such knowledge or such a promise. Instead, the Court erroneously relied on allegations in paragraph 31 of the Complaint, Order at 10, which explicitly describe events which occurred in fall 2011, months *after* the 2011 US Open, and are identified

---

[1] This firm does not represent the fourth defendant, M+M Films, Inc.

# FRANKFURT KURNIT KLEIN & SELZ pc

Hon. Nelson S. Román
United States District Court
November 19, 2013
Page 2

as such. *See* Complaint at p. 8 ("The Parties' Post-US Open Negotiations"). USTA could not have relied on fall 2011 communications when deciding in July 2011 to allow Defendants to film.

Second, paragraph 31 does not allege that Defendants actually promised anything. It alleges that in fall 2011, USTA "advised" Defendants that any license agreement would have to restrict when Defendants' Film could air on television. *See* Compl. ¶ 31. The Complaint then alleges that, on becoming aware of USTA's policies, Defendants refused to agree to them, so negotiations broke down. *See* Defs. Op. Br. at 12-13 (quoting Compl. ¶¶ 34-35). USTA's own pleading belies its claim that Defendants made a clear and unambiguous promise to abide by USTA's policies. *Id.*

Third, the Court cited the two emails from Defendant Major as support for USTA's claim that Defendants agreed to pay a license fee for the behind the scenes footage they recorded. *See* Order at 10. But those emails state the opposite – that Defendants were only expecting to license actual match footage. *Compare* Compl. ¶¶ 22, 24 (emails from July 2011 in which Defendants told USTA they were willing to "film only where and what your organization allows;" and to seek a license for any footage of Serena and Venus playing "*matches with on court sound*") *with* Order at 10-11 (relying on the same two emails to hold that USTA "granted Defendants access to record footage *of the 2011 US Open*, which footage Defendants included in the Film, without paying any license fee or other compensation") (emphasis added).[2] Neither email contained any promise to license the behind-the-scenes footage which Defendants actually recorded (and therefore own under 17 U.S.C. §204(a)). The Court cannot use facts demonstrating that Defendants promised "X" to support allegations that Defendants promised "Y," and that USTA relied on a promise of "Y" and was damaged as a result.

Clearly USTA wishes it had advised Defendants of its policies earlier, and obtained the relevant promises. But that is not a problem of Defendants' making, and USTA cannot maintain

---

[2] USTA confirmed that its promissory estoppel claim is **not** based on any promise by Defendants with respect to the copyrighted broadcast footage of "*matches with on court sound.*" To the contrary, in Opposition, USTA confirmed that its promissory estoppel claim was **only** based on behind the scenes footage shot by Defendants, not USTA-owned broadcast footage of matches. *See* Opposition at 1 ("to be clear, this motion concerns only the USTA's equitable claims under New York law seeking recompense for Defendants' use in the Film of certain *behind the scenes footage taken by Defendants' production company* . . . "). Had USTA made a promissory estoppel claim concerning its copyrighted footage, Defendants would have argued that claim was also preempted as duplicative of USTA's copyright claim.

## FRANKFURT KURNIT KLEIN & SELZ pc

Hon. Nelson S. Román
United States District Court
November 19, 2013
Page 3

a promissory estoppel claim based on promises that it failed to obtain at the time. Stating a claim for promissory estoppel in federal court requires plausible pleading of a clear and unambiguous promise, *DeSouza v. Andy Frain Servs., Inc.*, No. 12 Civ. 1308, 2012 WL 3245496, at *3 (S.D.N.Y. Aug. 6, 2012), and reliance "unequivocally referable to the alleged promise." Def. Op. Br. at 14 (quoting *Henneberry v. Sumitomo Corp. of Am.*, 415 F. Supp. 2d 423, 444 (S.D.N.Y. 2006)). We respectfully request that the Court reconsider that portion of its Order that erroneously declined to dismiss USTA's promissory estoppel claim.

Respectfully submitted,

Toby M.J. Butterfield

cc: Jeffrey I. Carton, Esq. (by email)
Joanna Sandolo, Esq. (by email)
Anna Kadyshevich, Esq.

**MEMO ENDORSED**

# Denlea &
# Carton LLP

One North Broadway
Suite 509
White Plains, NY 10601
Tel 914.920.7400
Fax 914.761.1900
www.denleacarton.com

November 20, 2013

**By Facsimile**
Hon. Nelson S. Román, U.S.D.J.
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

RE:  *United States Tennis Association Incorporated v. VSW Productions LLC, et al.*, Civil Action No. 13-cv-4124 (NSR)
Our File No. 1306

Dear Judge Román:

We represent plaintiff United States Tennis Association Incorporated (the "USTA") in the above-referenced action. We write in response to defendants VSW Productions LLC, Maiken Baird and Michelle Major's (collectively, "Defendants") November 19, 2013 letter requesting that the Court reconsider its November 6, 2013 Order (the "Order") insofar as it denied Defendants' motion to dismiss the USTA's claim for promissory estoppel. Defendants' request for reconsideration should be denied for the following reasons.[1]

The standard applicable to a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters… that might reasonably be expected to alter the conclusion reached by the court." *Oscar v. BMW North America, LLC*, No. 09 Civ. 11 (PAE), 2012 U.S. Dist. LEXIS 9230, at *2 (S.D.N.Y. Jan. 25, 2012) (citations and quotation marks omitted). "Such a motion is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Id.*, citing *Associated Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Stated otherwise, a motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

Here, Defendants seek solely to rehash the arguments made in their motion papers. Specifically, as in their moving brief (at 10) and reply brief (at 9) Defendants argue that the two emails cited by the USTA in its Complaint cannot support a claim for promissory estoppel because "neither email contained any promise to license the behind-the-scenes

---

[1] As a threshold matter, Local Rule 6.3 specifically contemplates a formal motion by a party seeking reconsideration of a court order. Defendants' letter is an insufficient request as it neither seeks a pre-motion conference, nor does it satisfy the exacting standard required for such a motion.

Re: *United States Tennis Association Incorporated*
    *v. VSW Productions LLC, et al.*, 13-cv-4124 (NSR)
November 20, 2013

footage" included in the Film. *See* Defs. Nov. 19 letter at 2. This argument, however, wholly misses the mark. As the Court correctly found in its Order, the USTA's claim is not limited solely to these two emails. Rather, as the Court noted, the USTA "contends that it has alleged a number of specific promises made by Defendants upon which it relied in allowing Defendants access to the [NTC]." Order at 10.

As set forth in the USTA's opposition papers, these promises included Defendants' agreement to license behind-the-scenes footage for use in their film. Specifically, in paragraph 23 of the Complaint, the USTA alleges that – prior to granting Defendants access to the NTC – the USTA expressly advised Defendants of the need to license, pursuant to the USTA's standard footage licensing agreement and then applicable "rate card," the behind-the-scenes NTC footage requested by Defendants. Further, the USTA expressly asserts that Defendants "agreed to this arrangement." *See* Compl., ¶ 24. These allegations establish Defendants' recognition of the need to obtain the USTA's permission in order to access the NTC to obtain footage for use in their Film, and to pay a license fee in connection therewith, <u>as well as Defendants' agreement to do so</u>. Moreover, the USTA alleges in paragraph 27 of the Complaint that it relied upon this agreement when it ultimately granted Defendants' film crew access to the NTC. Accordingly, all of the requisite elements of a promissory estoppel claim under New York law are amply stated by the Complaint. Defendants' request for reconsideration should therefore be denied.

While the USTA is prepared to accept the Court's decision and proceed with discovery, in the event the Court entertains Defendants' letter request and/or allows Defendants to file a motion for reconsideration, then the USTA respectfully requests that it too may be heard with respect to reconsideration of the Court's dismissal of the USTA's unjust enrichment claim. Accordingly, the USTA seeks a pre-motion conference, pursuant to Section 3(ii) of this Court's Individual Practices in Civil Cases, in anticipation of filing a formal motion for reconsideration.[2] The basis for this motion is that this Court inadvertently misapprehended the nature of the right sought to be vindicated by the USTA's unjust enrichment claim, and thus erroneously found the claim to be preempted by the Copyright Act.

Specifically, as set forth in the Order, Section 301 of the Copyright Act preempts a state law claim when: (1) the work at issue comes within the subject matter of copyright and (2) <u>the right being asserted is equivalent to any of the exclusive rights within the general scope of copyright</u>. Order at 7 (emphasis added). Here, the Court held – and the USTA does not dispute – that the work at issue, the behind-the-scenes footage recorded by Defendants at the NTC and included within their Film (the "NTC Footage"), comes within the

---

[2] Additionally, the USTA respectfully requests an extension of the fourteen day time period for filing such a motion set forth in Local Rule 6.3, in order to allow sufficient time for a pre-motion conference.

2

Re: *United States Tennis Association Incorporated*
  *v. VSW Productions LLC, et al.*, 13-cv-4124 (NSR)
November 20, 2013

subject matter of copyright. Indeed, Defendants have obtained a copyright registration for the Film.

However, the Court incorrectly found that "the right [the USTA] is asserting is equivalent to the rights within the general scope of copyright." Order at 8. In fact, as set forth in its opposition papers, the USTA is not asserting any right equivalent to those conveyed by the Copyright Act (*i.e.* to copy, exhibit and distribute the footage) with respect to the NTC Footage. Rather, the USTA's claim is premised upon its undisputed right -- as the owner and operator of the US Open -- to control who may access the NTC for the purpose of filming there, and to charge a fee in connection with such access and permission to film. *See* Opp. Br. at 11-12. Thus, the right the USTA seeks to enforce through its unjust enrichment claim is its right to charge a fee for access and permission to film at the NTC, not any right relating to the ownership or usage of such footage once obtained.

Indeed, the Court recognized the distinction in its Order, noting that the USTA "contends that it has the right to restrict who may obtain footage at the US Open, to set conditions for recording, and to charge a fee for filming such footage." Order at 8. These rights are clearly separate and distinct from the rights conveyed upon an owner of a copyrighted work by the Copyright Act.[3] Accordingly, the USTA respectfully submits that reconsideration of this Court's dismissal of its unjust enrichment claim is warranted.

---

[3] Section 106 of the Copyright Act, titled "Exclusive Rights In Copyrighted Works," provides that: ...the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

Clearly, the USTA's right to charge a fee for access to the NTC and permission to record footage is not "equivalent to" any of these rights.

Re: *United States Tennis Association Incorporated*
   *v. VSW Productions LLC, et al.*, 13-cv-4124 (NSR)
November 20, 2013

    We look forward to discussing this matter further with the Court at the pre-motion conference.

Respectfully submitted,

*/s/ Jeffrey Carton*
Jeffrey L. Carton

cc: Toby M.J. Butterfield, Esq. (by email)
    Anna Kadyshevich, Esq. (by email)